IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WISCONSIN CENTRAL LTD., ) | |
| ) | Case No. 1:16-cv-04271 |
| Plaintiff, ) | |
| v. ) | Honorable Andrea R. Wood |
| ) | |
| SOO LINE RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF SOO LINE RAILROAD COMPANY'S MOTION REGARDING SOO LINE'S FEES, EXPENSES, AND COSTS**

Defendant and Counterclaim Plaintiff Soo Line Railroad Company ("Soo Line") respectfully moves the Court for an order for attorneys' fees, expenses, and costs pursuant to Fed. R. Civ. P. 54(d) and Local Rules 54.1 and 54.3, and specifically requests that the Court establish a timeline for the exchange of all fee and cost-related information under the process set forth in Local Rule 54.3(d).[1] Soo Line requests that the Court establish a procedure based on Local Rule 54.3(d) in order to determine Soo Line's fees, expenses, and costs incurred in this action, as well as the fees, expenses, and costs in the underlying Kreher Park litigation to the extent that the Court believes that such process would be appropriate for those fees, expenses, and costs.

On September 30, 2018, this Court entered a Memorandum Opinion and Order denying Plaintiff and Counterclaim Defendant Wisconsin Central Ltd.'s ("WCL") motion for summary judgment, and granting Soo Line's motion for summary judgment, finding that WCL breached its

---

[1] Local Rule 54.3(b) provides that if the Court has not issued an order regarding a fee motion, a party may file a Rule 54 motion and then conduct a post-filing exchange of information and attempt to agree on fees and costs under Local Rule 54.3(d). The parties conducted an initial meet and confer regarding Soo Line's motion on October 8, 2018.

indemnity obligations to Soo Line in violation of the APA [Docket No. 84]. The Court then entered a final Judgment against WCL and in favor of Soo Line, terminating this case. [Docket No. 85].

All that remains is for the Court to award Soo Line (1) the damages caused by WCL's breach of the APA, which include (a) Soo Line's $5.25 million settlement payment (with interest) to the EPA and Northern States Power ("NSP"); (b) Soo Line's fifty-percent share of expert fees and costs incurred in the Kreher Park litigation; and (c) all attorneys' fees, costs, and expenses from the underlying Kreher Park litigation; (2) its attorneys' fees, costs, and expenses incurred in the instant litigation; and (3) prejudgment interest on Soo Line's damages award. Soo Line estimates its total damages, fees, expenses, and costs, as follows:

| Category | Amount |
|---|---|
| Settlement (with pre-payment interest) | $5,259,555 |
| Fees, Expenses, and Costs for Kreher Park Litigation (including expert fees and costs) | $5,853,792 |
| Fees, Expenses, and Costs for Current Litigation (to date) | $1,794,286 (to date) |
| Prejudgment Interest[2] | TBD |
| Total (Not Including Prejudgment Interest) | $12,907,633 (to date) |

Soo Line is entitled to recover its attorneys' fees, expenses, and costs in the ***instant litigation*** under Rule 54(d) by virtue of the Court's Memorandum Opinion and Order finding WCL liable for breach of the APA, and by operation of Section 19(a) of the APA, which allows Soo Line to recover attorneys' fees resulting from WCL's breach of the APA. *See Chamberlain Mfg. Co. v. Maremont Corp.*, 1995 WL 769782, at *6 (N.D. Ill. Dec. 29, 1995).

---

[2] Soo Line will seek an order awarding prejudgment interest by separate motion, depending on the Court's resolution of this motion and any other motions that may be filed by WCL.

With respect to attorneys' fees, expenses, and costs incurred by Soo Line in the Kreher Park litigation, the parties previously sought, and the Court permitted, a 60-day period for discovery following the Court's resolution of the summary judgment motions [Docket Nos. 35, 37]. Soo Line submits, however, that the procedure under Local Rule 54.3(d) is a reasonable and practical way to establish not only Soo Line's attorneys' fees, expenses, and costs in this action, but also the amount of Soo Line's attorneys' fees, expenses, and costs in the underlying Kreher Park litigation.[3] All of these amounts can be readily established using the Local Rule 54.3(d) process, which requires Soo Line and WCL to do the following:

- Within 21 days after judgment, or within a time otherwise set by the Court, Soo Line must provide to WCL its time and work records (redacted as necessary to protect privilege); must inform WCL of the hourly rates claimed for each lawyer, paralegal, or other person and provide other information to support those claimed rates; and must provide evidence of its related nontaxable expenses.

- If no agreement is reached with WCL after Soo Line provides this information, WCL shall, within 21 days of receiving the information, disclose the total amount of attorney's fees that it has paid (and incurred but not paid) for the litigation. WCL must also furnish the following additional information as to any matters remaining in dispute: time and work records of WCL's counsel pertaining to the litigation (redacted as necessary to protect privilege); evidence of hourly rates for all billers paid by WCL during the litigation; evidence of specific expenses incurred or billed in connection with the litigation, and the total amount of such expenses; and any evidence WCL will use to oppose Soo Line's requested hours, rates, or related nontaxable expenses.

- Within 14 days after the above exchange of information, Soo Line and WCL must identify all hours, billing rates, or related nontaxable expenses (if any) that will and will not be objected to; the basis of any objections; and the specific

---

[3] While the $5.25 million settlement payment, and the fees, expenses, and costs from the underlying Kreher Park litigation, are damages caused by WCL's breach of the APA and outside the scope of a typical Rule 54(d) motion, *see Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000), Local Rule 54.3 nonetheless provides a robust procedure for the parties to address any factual disputes with respect to Soo Line's damages, fees, expenses, and costs. Indeed, were the Court to formally re-open discovery in this case, the parties would likely agree to the same or a very similar procedure to address outstanding issues regarding these amounts, limiting document requests to invoices and foregoing depositions which are unlikely to be needed.

- hours, billing rates, and related nontaxable expenses that in the parties' respective views are reasonable and should be compensated. Soo Line and WCL thereafter are required to attempt to resolve any remaining disputes.

- If matters remain in dispute, the parties must prepare a joint statement listing, among other things, the total amount of fees and related nontaxable expenses claimed by Soo Line; the total amount of fees and related nontaxable expenses that WCL deems should be awarded; and a brief description of each of the parties' specific disputes. Soo Line and WCL are required to cooperate to complete preparation of this joint statement no later than 70 days after the entry of judgment, unless the Court orders otherwise.

*See* Local Rule 54.3(d)-(f). Soo Line specifically requests that the Court set timelines for this process, with Soo Line's disclosures to be made not more than 21 days from the date of the Court's order on this motion.

Because Soo Line does not believe there is any reasonable factual basis to contest the damages in the underlying litigation relating to the settlement payment or expert witness fees and costs, this process summarized above will fully address the remaining matters subject to resolution.[4] Moreover, in the event the Court determined that some legitimate dispute existed with respect to damages relating to the settlement amount, expert fees, and costs in the underlying Kreher Park litigation, the parties can easily include as part of this process the evidentiary basis for the $5.25 million (plus interest) settlement payment and the basis for the amount of Soo Line's expert fees and costs in the Kreher Park litigation. In short, the Rule 54.3(d) process is tantamount to the discovery process the parties had initially requested from the Court. *See Centerpoint Energy Servs., Inc. v. WR Prop. Mgmt., LLC*, 2013 WL 1222312, at *2

---

[4] There is no factual dispute between the parties regarding the amount of the $5.25 million settlement payment and the interest paid by Soo Line. Both WCL and Soo Line sought the identical settlement amount in their claim and counter-claim, and Soo Line's settlement amount was corroborated during discovery.

(N.D. Ill. Mar. 25, 2013) (allowing parties to submit post summary judgment briefing on damages rather than reopening discovery).

WCL indicated during the meet-and-confer on this motion that it will move the Court to amend the Judgment under Rule 59(e), both to formally reopen discovery on Soo Line's damages (and extend the appeal deadline), and apparently to attempt to re-litigate the scope of its liability under the APA. With respect to WCL's liability, the Court has now issued a thoroughly reasoned Memorandum Opinion and Order following the parties' submission of hundreds of pages of briefing. Any attempt by WCL to re-litigate its liability should be swiftly and summarily denied. With regard to discovery, as noted above, formal discovery on damages is unnecessary at this point, and the procedure outlined by Local Rule 54.3 is more than adequate to allow the parties to establish the amount of fees, expenses, and costs owed to Soo Line. Indeed, WCL's counsel acknowledged during the meet-and-confer that the Rule 54 process appears to be a reasonable approach to proceeding, but that WCL nonetheless will seek to reopen the Judgment before proceeding with the Rule 54 process.

Given WCL's stated intention, in the event the Court were to determine the Judgment should be amended under Rule 59(e) before allowing this process to proceed, Soo Line requests that any amendment be limited to specifically identifying Soo Line's damages of $5.25 million plus interest ($8,260.24), along with all attorneys' fees, expenses, and costs from the underlying Kreher Park litigation and the instant litigation, which amount will be determined under the Rule 54 process discussed above.

In sum, Soo Line moves the Court for an Order for attorneys' fees, expenses, and costs, and respectfully requests that the Court set deadlines for the exchange of fee, expense, and cost

information set forth in Local Rule 54.3(d), with Soo Line's disclosures to begin within 21 days of the Court's order on this motion.

Respectfully submitted,

Soo Line Railroad Company

Dated: October 12, 2018

/s/ Andrew W. Davis
Andrew W. Davis (*pro hac vice*) (MN #0386634)
Nathan E. Endrud (*pro hac vice*) (MN #0389459)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

Gregory A. Fontaine (*pro hac vice*) (MN #0131908)
Aleava R. Sayre (*pro hac vice*) (MN #0386491)
STOEL RIVES LLP
33 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 373-8800
Facsimile: (612) 373-8881

Michael J. Hughes (IL #6201324)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801

**Attorneys for Defendant and Counterclaim Plaintiff Soo Line Railroad Company**

## **CERTIFICATE OF SERVICE**

  I, Andrew W. Davis, an attorney, hereby certify that a copy of the foregoing Motion for Fees, Expenses, and Costs was served on counsel for all parties electronically via the CM/ECF system on October 12, 2018.

Dated: October 12, 2018       /s/ Andrew W. Davis
                     Andrew W. Davis